**State of Rhode Island**

Providence County                                     United State District Court of RI



Aoua Royster

v.

City of Providence

**FILED**

**JUN 01 2026**

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## CHARGE OF DISCRIMINATION

1. This is a claim for equitable and declaratory relief and for damages for violation of the Rhode Island Fair Employment Practices Act, R.I.GL. §28-5-1, et seq.

### Parties

2. Complaint Aoua Royster is a resident of State of Rhode Island.

3. The respondent City of Providence is a municipality with its principal place of business being within the State of Rhode Island and Providence County therein.

### Statement of Facts

4. The complainant is a person of color (African American), born in Bamako, Mali.

5. The complainant is a Muslim woman.

6. The respondent had knowledge and was aware of complainant's race and religion.

7. The respondent is an employer as that term is defined by R.I.G.L. §28-5-6.

8. Complainant was hired as an employee of the respondent on December 3, 2018.

①

9.  Complainant moved into a position that included the responsibility for working on the budget for the Department of Public Works ("DPW") on December 2, 2021.

10. Complainant was the only African American, Muslim woman, supervisor in the department.

11. The immediate prior employee that held the position and duties of the respondent as set forth in the preceding paragraph was a Caucasian woman who was not a Muslim.

12. The employees and supervisors of the respondent undermined complainant's decisions in managing the front office staff.

13. The employees of respondents in their capacity as supervisors failed to act when complainant relayed and provided proof unauthorized changes were made with payroll.

14. Failed to support the complainant solutions to address payroll and front office issues.

15. Complainant submitted the FY23 budget and was praised for the work she had done to complete budget.

16. During her employment, complainant's supervisor excluded her from a calendar invite for a meeting that was extended to female co-workers for their input on the hiring of an individual that was involved with a sexual harassment case.

17. During her employment, complainant was subjected to false allegations made against her.

18. Prior to her termination, the complainant was placed in the respondent's Lawson system as terminated and was placed in a list with former employees that the respondent terminated. This action by respondent's representative (s) prevented

complainant to receive her 2022 W2 at the same time or in the same manner as the rest of her co-workers.

19. In or about summer of 2022, complainant complained to Human Resource about her supervisor's poor treatment, stating she was subjected to discrimination based on race and religion.

20. Upon the information and belief, the complaint submitted to HR by complainant was not fully investigated and some of the witnesses were not interviewed.

21. The "investigation" into complainant's allegations of discrimination was without any real effort to examine the discrimination suffered by complainant.

22. Complainant, in preparing the FY2024 Budget, followed the same organizational path she had followed for her the FY2023 budget with modifications per the instructions of her supervisors and other divisional supervisors.

23. Complainant provided all departments head their budgets to review before submitting them.

24. Complainant reached out to the City's Finance team to grant SharePoint access to DPW Director as it relates to the FY2024 budget prior to submitting any budget.

25. Complainant pointed out to supervisors and made notes in excel sheet where missing information in the FY24 budget existed.

26. Complainant requested a bilingual clerk for DPW to address staff shortage and to better service customers (primarily Spanish- speaking). DPW in the past hired a Bi-lingual clerk.

27. Complainant's supervisors took no action that would give the complainant any notice of problems or issues with her employment.

28. On April 5th, 2023, complainant was terminated from her employment.

29. The complainant's supervisors approve payrolls and the DPW clerk's duty is to enter entries for payroll.

30. The employee that held the complainant position prior to complainant, a Caucasian woman who was not a Muslim, suffered the same payroll issues as complaint but was not terminated from her employment.

31. The reasons given for complainant's termination were pretextual.

32. Complainant suffered, by the actions of the representatives of the respondent, discrimination based on race and religion.

33. Complainant suffered, by the actions of the representatives of the respondent, retaliation based on her protected activity in reporting discrimination based on her race and religion.

34. Complainant took affirmative steps to seek remedy internally and was met with apathy, disdain, refusal to act and attempts to delay and diminish complainant's claims.

35. The actions of the defendants have caused complainant a loss of income, emotional distress, and other damages.

36. The actions of the defendants constitute a violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., R.I.G.L. §28-5-6, et seq., R.I.G.L. §28-5-7, et seq., Title VII of the Civil Rights Act of 1964.



37. Complaint seeks reinstatement of the former position or a substantially similar position, lost wages, an award for emotional distress, an award of punitive damages as well as attorney's fees and interest as well as any other relief available pursuant to statute.

The Above factual allegations are true and accurate to the best of my knowledge and belief.

X _____ 6/1/26

Aoua Royster
Complainant