# ATTACHMENT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | FEPA | **24EMP212** |

| Rhode Island Commission For Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Aoua Royster | | |

Street Address

C/O David Cass, Esq. One Davol Square, 4th Fl

Providence, RI 02903

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| City Of Providence | 15 - 100 Employees | |

Street Address

25 Dorrance Street

PROVIDENCE, RI 02903

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| City of Providence/Public Works Dept | 15 - 100 Employees | |

Street Address                                   City, State and ZIP Code

700 Allens Avenue

Providence, RI 02905

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                  Latest<br><br>06/01/2022              04/05/2023 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*
  SEE ATTACHED NOTARIZED STATEMENT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____<br>Date                    Charging Party Signature | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

Page 1 of 2

RECEIVED

MAR 0 8 2024

RHODE ISLAND COMMISSION
FOR HUMAN RIGHTS

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**COMMISSION FOR HUMAN RIGHTS**

AOUA ROYSTER

*v.*

LANCE CARDILLO, in his capacity as
acting treasurer of THE CITY OF PROVIDENCE

RICHR No.:
EEO NO.:

## VERIFIED CHARGE OF DISCRIMINATION

1.    This is a claim for equitable and declaratory relief and for damages for violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq.

## Parties

2.    Complainant Aoua Royster is a resident of the State of Rhode Island.

3.    The respondent Lance Cardillo is named in his capacity as acting treasurer of the City of Providence and the City of Providence is a municipality with its principle place of business being within the State of Rhode Island and Providence County therein.

## Statement of Facts

4.    The complainant is a female person of color, African American.

5.    The complainant is a Muslim.

6.    The respondent had knowledge and was aware of the complainant's gender, race and religion.

1

7.    The respondent is an employer as that term is defined by R.I.G.L. §28-5-6.

8.    Complainant was hired as an employee of the respondent, within the Department of Public Works ("DPW") on December 3, 2018.

9.    Complainant was the only African American female supervisor in the department and the only Muslim within the department.

10.    Complainant was, in or about January or February 2022, moved into a position that included the responsibility for working on the budget for the DPW of the municipal government for the City of Providence.

11.    The immediate prior employee that held the position and duties of the respondent as set forth in the preceding paragraph was a Caucasian woman who was not a Muslim.

12.    The employees and supervisors of the respondent did fail and refuse to properly train the respondent in the performance of the duties of her position and specifically the duties pertaining to the creation of the budget.

13.    Complainant submitted the FY2023 budget and was praised for the work she had done to complete the budget.

14.    During her employment, complainant was omitted from departmental meetings.

15.    During her employment with DPW, complainant was subjected to false allegations made against her.

16.    In or about the summer of 2022, complainant complained to Human Resources for the respondent that she believed she was being subjected to discrimination based on her ethnicity and her religion.

2

17.    Upon information and belief, the complaint submitted to HR by complainant was not fully investigated and witnesses were not interviewed.

18.    The "investigation" into complainant's allegations of discrimination was perfunctory and without any real effort to examine the discrimination suffered by complainant.

19.    Complainant, in preparing the FY2024 budget, followed the same organizational path she had followed for the FY2023 budget with modifications per the instructions of her supervisors.

20.    Complainant had no ability to correct information provided by the departments as they related to the proposed budget.

21.    Complainant continually and repeatedly attempted to correct misinformation she was receiving from supervisory staff and department heads.

22.    Complainant provided to her supervisors all draft copies of the budget and did communicate any and all areas where information was improperly provided to complainant for inclusion in the budget.

23.    Complainant further made other suggestions to her supervisors to address the issues of erroneous information that would affect the creation of the FY2024 budget.

24.    DPW has had an ongoing issue with improper and erroneous payroll data entry.

25.    Complainant requested a part time employee (a bilingual clerk for DPW) be hired to address the ongoing issue of discrepancies in the entry of payroll data.

3

26.    Complainant further made other suggestions to her supervisors to address the issues of erroneous payroll data information entry.

27.    Complainant's supervisors failed and refused to take any steps to address the ongoing and persistent inclusion of erroneous payroll data.

28.    Complainant's supervisors at no time gave any indication to complainant that her work product was a problem.

29.    Complainant's supervisors took no action that would give complainant any notice of any errors in her work product or problems or issues with her employment.

30.    On April 5th, 2023, complainant was terminated from her employment.

31.    The reason given for the termination was errors in Payroll and Budget.

32.    Any and all errors in payroll and/or the budget were outside complainant's control.

33.    The employee that held complainant's position next prior to complainant, a Caucasian woman who was not a Muslim, suffered the same errors and issues as complainant but was not terminated from her employment.

34.    The reasons given for complainant's termination were false and pretextual.

35.    Complainant suffered, by the actions of the representatives of the respondent, discrimination based on her gender, race and religion.

4

36.    Complainant suffered, by the actions of the representatives of the respondent, retaliation based on her protected activity in reporting discrimination based on her race and religion.

37.    Complainant took affirmative steps to seek remedy internally and was met with apathy, disdain, refusal to act and attempts to delay and diminish complainant's claims.

38.    The actions of the defendants have caused complainant a loss of income, emotional distress and other damages.

39.    The actions of the defendants constitute a violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq.

40.    Complainant seeks lost wages, an award for emotional distress, an award of punitive damages as well as attorney's fees and interest as well as any other relief available pursuant to statute.

The above factual allegations are true and accurate to the best of my knowledge and belief.

_____
Aoua Royster

Subscribed and sworn to before me this ___8th___ day of March 2024.

_____
Notary Public
Printed Name: __David   Cass__
My Commission expires: _3/7/25_

5

Respectfully submitted,
Aoua Royster
By and through his attorney,

David S. Cass, #5044
One Davol Square, 4th Floor
Providence, RI 02903
(401) 272-2627
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

RECEIVED

MAR 0 8 2024

RHODE ISLAND COMMISSION
FOR HUMAN RIGHTS

6