# ATTACHMENT D

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 2 of 16 PageID #: 60

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

AOUA ROYSTER                                          :
                                                     :
VS.                                                  :
                                                     :
                                                     :
LANCE CARDILLO                                        :
in his capacity as acting Treasurer of the City of Providence:

## COMPLAINT

### COUNT I – UNLAWFUL TERMINATION

1.  Plaintiff Aoua Royster is a resident of the City of Woonsocket, County of Providence, and State of Rhode Island.

2.  Defendant Lance Cardillo (hereinafter "City of Providence") is named as a party Defendant in his capacity as acting Treasurer of the City of Providence, County of Providence and State of Rhode Island.

3.  Plaintiff's damages are in an amount within the jurisdiction of this Honorable Court and this Court has personal and subject matter jurisdiction.

4.  At all times mentioned herein, Defendant's employees were acting as the agents and/or employees of Defendant City of Providence and at all times mentioned in this Complaint, acting within the scope of such agency and employment, except where alleged to the contrary.

5.  Section 904 of the Providence City Charter reads as follows:

    **904. – Appointment, promotion, demotion, suspension and dismissal of employees.** All department heads and all boards, agencies and commissions of the city shall have the responsibility for the appointment, promotion, demotion, suspension and dismissal of all employees under their jurisdiction in accordance with the provisions of this Charter and such personnel rules and regulations as may be made pursuant thereto. Regular employees shall not be dismissed except for cause which shall be defined in rules developed by the director of personnel and shall be promulgated to all employees of the city.

6.  Plaintiff first became employed by the City of Providence on December 3, 2018.

7.  Plaintiff was terminated from her employment without cause on April 5, 2023.

8.  Under the Providence City Charter described above, Plaintiff's substantive and procedural rights were violated by the City and her termination constitutes wrongful termination.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 3 of 16 PageID #: 61

9. The conduct, acts and omissions of Defendant constitute a violation of the Providence City Charter above-described which dictates that employees shall not be dismissed except for cause.

10. As a direct and proximate result of Defendant's violations, Plaintiff has suffered damages including, but not limited to lost wages and benefits in an amount to be proven at trial. Plaintiff is legally entitled to reinstatement to her employment with the City of Providence.

WHEREFORE, Plaintiff hereby requests Judgment against Defendant on Count I for:

1. Compensatory damages in an amount within the jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Reasonable attorney's fees;
4. Statutory interest and costs of suit;
5. Such other and further relief as to this Honorable Court deems just and proper.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT I OF THE COMPLAINT.

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III #3971
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
e-mail: Jmarran@lawyer.necoxmail.com

## COUNT II – BREACH OF CONTRACT

11. Paragraphs (1) through (10) of Count I are hereby incorporated by reference as fully set forth herein.

12. Plaintiff's promise to perform the duties and obligations assigned to her by Defendant and the City's promise not to dismiss her from said employment without cause constitute an implied contract between Plaintiff and Defendant.

13. During the entire period of her employment with Defendant, Plaintiff performed satisfactorily as promised under the contract.

14. Defendant had a duty to Plaintiff under the contract to pay her wages and benefits in consideration for her employment.

15. Defendant breached the contract of employment by dismissing Plaintiff without cause as defined in rules developed by the director of personnel and promulgated to all employees of the City of Providence.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 4 of 16 PageID #: 62

16. As a direct and proximate result of Defendant's breach of duty, Plaintiff has suffered damages including, but not limited to, lost wages and benefits in an amount to be proven at trial.

WHEREFORE, Plaintiff hereby requests Judgment against Defendant on Count II for:

1. Compensatory damages in an amount within the jurisdiction of this Honorable Court;
2. Reinstatement to her employment;
3. Statutory interest and costs of suit;
4. Such other and further relief as to this Honorable Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT II OF THE COMPLAINT

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III #3971
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
e-mail: Jmarran@lawyer.necoxmail.com

**COUNT III – PROMISSORY ESTOPPEL**

17. Paragraphs (11) through (16) of Count II are hereby incorporated by reference as if fully set forth herein.

18. In the event that there is no finding of breach of contract, in the alternative, Plaintiff is entitled to recover damages from Defendant on the basis of a promise made to her for continued employment by way of the adoption of Section 904 of the Providence City Charter.

19. Plaintiff detrimentally relied on Defendant's promise of continued employment including, but not limited to, foregoing other employment opportunities and expecting to live a lifestyle consistent with her expected continued employment with Defendant.

20. Defendant's promise to Plaintiff of continued employment was unambiguous in its terms.

21. Plaintiff's reliance thereon was reasonable and to her detriment.

22. Defendant should have reasonably expected to induce forbearance by Plaintiff in seeking alternative employment during the time she was employed by Defendant.

23. Defendant's failure to abide by its promise to Plaintiff of continued employment caused her damages and would result in an injustice if the promise were not enforced.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 5 of 16 PageID #: 63

WHEREFORE, Plaintiff hereby requests Judgment against Defendant on Count III for:

1. Compensatory damages in an amount within the jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Statutory interest and costs of suit;
4. Such other and further relief as to this Honorable Court deems just and proper.

<u>**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT III OF THE COMPLAINT**</u>

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III #3971
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
e-mail: Jmarran@lawyer.necoxmail.com

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Paragraphs (17) through (23) of Count III are hereby incorporated by reference as if fully set forth herein.

25. Before Plaintiff's employment with Defendant was wrongfully terminated on April 5, 2023, Plaintiff had been employed with Defendant since December 3, 2018. At all times during employment with Defendant, Plaintiff was encouraged to believe she would continue to advance in a career with Defendant.

26. Defendant had a duty to Plaintiff to allow her to continue her employment except for cause as defined in rules developed by the director of personnel promulgated to all employees of the city

27. Notwithstanding Plaintiff's employment history from December 3, 2018 through April 5, 2023, Defendant breached its duty to Plaintiff by unfairly and without right or justification, terminating Plaintiff from the job and giving her false and conflicting reasons for removal from the job.

28. Defendant knew that Plaintiff had spent considerable time working on the City's behalf. Plaintiff was ambitious for promotion with Defendant and was seriously concerned about discipline and criticism of her employment and conscientiously sought to correct any perceived deficiencies in the performance of her duties.

29. Nevertheless, Defendant intentionally and maliciously made statements and engaged in

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

acts and publications with utter disregard for Plaintiff's feelings, sensitivity and emotional well-being, and in complete derogation of the duty Defendant owed Plaintiff as her employer to deal honestly with Plaintiff, to refrain from arbitrary action and to assist Plaintiff in career development.

30. Defendant knew or should have known that the statements, acts and publications would injure Plaintiff's emotional well-being.

31. Defendant's acts and omission were the direct and proximate cause of Plaintiff's emotional distress.

32. The acts, statements and publications of Defendant proximately have caused her to suffer severe emotional injury and have caused her to suffer loss of wages, employment benefits, career opportunities, professional reputation and other damages.

WHEREFORE, Plaintiff hereby requests Judgment against Defendant on Count IV for:

1. Compensatory damages in an amount within the jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Reasonable attorney's fees;
4. Statutory interest and costs of suit;
5. Such other and further relief as to this Honorable Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT IV OF THE COMPLAINT.

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III #3971
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
e-mail: Jmarran@lawyer.necoxmail.com

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Paragraphs (24) through (32) of Count IV are hereby incorporated by reference as if fully set forth herein.

34. Defendant had a duty to Plaintiff to avoid negligently or carelessly causing her emotional distress and damage.

35. Through its acts and omissions, Defendant violated its duty to Plaintiff to avoid negligently or carelessly causing her emotional distress and damage.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

36. Plaintiff suffered emotional distress which was so severe so as to cause her physical symptoms including, but not limited to sleeplessness.

WHEREFORE, Plaintiff hereby requests Judgment against Defendant on Count V for:

1. Compensatory damages in an amount within the jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Reasonable attorney's fees;
4. Statutory interest and costs of suit;
5. Such other and further relief as to this Honorable Court deems just and proper.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON COUNT V OF THE COMPLAINT.

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III #3971
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
e-mail: Jmarran@lawyer.necoxmail.com

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

# EXHIBIT A

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 9 of 16 PageID #: 67

## TO: MEMBERS OF THE PROVIDENCE CITY COUNCIL

## PRESENTMENT TO CITY COUNCIL OF THE CITY OF PROVIDENCE, RHODE ISLAND OF CLAIM OR DEMAND AGAINST THE CITY PURSUANT TO RHODE ISLAND GENERAL LAWS SECTION 45-15-5

Please accept this presentment as a demand on behalf of my client, AOUA ROYSTER, against the City of Providence, Rhode Island for unlawful termination, breach of contract, intentional infliction of emotional distress and negligent infliction of emotional distress.

Section 904 of the Providence City Charter reads as follows:

**904. – Appointment, promotion, demotion, suspension and dismissal of employees.** All department heads and all boards, agencies and commissions of the city shall have the responsibility for the appointment, promotion, demotion, suspension and dismissal of all employees under their jurisdiction in accordance with the provisions of this Charter and such personnel rules and regulations as may be made pursuant thereto. Regular employees shall not be dismissed except for cause which shall be defined in rules developed by the director of personnel and shall be promulgated to all employees of the city.

At all times mentioned herein, the city's employees (hereinafter "the city") were acting as the agents and/or employees of the city of Providence and at all times mentioned in this notice acting within the scope of such agency and employment, except where alleged to the contrary. The city unfairly and without right or justification, removed my client from the job. In doing so, the city intentionally and malicious engaged in acts with utter disregard for her feelings, sensitivity and emotional well-being, and in complete derogation of the duty the city owed owed to her as her supervisor to deal honestly with her and to refrain from arbitrary action including wrongful termination/unlawful dismissal.

The city knew or should have known that the acts and would injure her emotional well-being. The acts and statements of the city proximately have caused my client to suffer severe emotion and physical injury and have caused her to suffer loss of wages, employment benefits, career opportunities and professional reputation and other damages. My client's narrative is

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 10 of 16 PageID
#: 68

attached hereto and made a part hereof by reference.

My client should rightfully be compensated for her damages and injuries. Demand is hereby made against the City of Providence, Rhode Island for reinstatement of my client to her employment and damages in the amount of One Hundred Thousand ($100,000.00) Dollars. If just and due satisfaction is not forthcoming within forty (40) days of this claim, suit will be filed against the city for recovery as allowed by law.

AOUA ROYSTER
By Her Attorney

Joseph E. Marran III
P.O. Box 9233
Pawtucket, RI 02862
Tel. (401) 722-5100
Fax. (401) 728-6534
E-mail: Jmarran@lawyer.necoxmail.com

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Aoua Royster

July 10, 2023

Narrative

On April 5th 2023, I received an email from a member of Human Resources. Although I responded to the email bnd inquired what the meeting will entail, I was not provided with the purpose of the meeting. I believe it was close to noon time when I arrived to the Human Resource department. When I walked into the room, there were three people sitting down:

Ashley Fiovaranti –Acting Chief of Human Resource

Jeff Almeida –Acting Deputy Chief of Human Resource

Patricia Coyne-Fague –Director of Public Works

Ashley introduced herself and the two other individuals that were in the room. Ashley then indicated that this will be a brief meeting, stating that as of today, I am terminated due to errors in Payroll and Budget. Additionally she had asked if I have had anyting to say and in response I was crying as well was nodding my head no. At that point was was loss for words, full of many emotions. Ashley provided a letter, indicating that it states my temrination with the City is effective toda (April 5th, 2023). Patricia Coyne-Fague asked for the keys to the builidng, which I provided and the meeting concluded.

The first time I worked on budgets it was the beginning of 2022. Considering it was my very first time to work on it, I had permission from the Finance department to submit a little later than the due date. I also want ot highligt that during this time I was using my maternity hours, being a full time new mom while also working from home. When I was working on FY23 budget in 2022, I looked back into whatever files were available in the drive folders , used the tmeplates that were provided and information and requests I collected to add on the FY23 budget workbooks. Prior to submitting DPW's FY23 budgets workbooks to Finance, I provied to both the Dpeuty Director and Director for review. Once the then Director of DPW (Leo Perotta) reviewed and approved, I sent it to Finance. I receievd great feedback from Leo Perrotta and a member of the Finance deparament when I submitted budget.

I follwed similar steps when it came to preparing Budget for FY24 this year. Last year, the Deputy Director set up meetings with other diviison heads to go over their requests for FY23 – during that time, it was never revealed to me that I, as the Fiscal Advisor should have been th eone reahcing out and setting up those appointments. This year however, I was informed to reach out to supervisors and schedule meetings for budget. I did just that. I took notes/worked on budgteing as the supervisors made their requests. Unlike last fiscal year,  certain budget line items such as Recycling and Waste Management were not predetermined since their contract was ending in FY23. I had communicated to the Enviormental Supervisor to provide how much he is anticipating /requesting for FY24. He did not provide any, idicated that contracts still in progress. There were couple of times where I was invited to a meeting for Waste Management contract, along with the Environmental supervisor.  It was not until the the Pre-budget Both

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

Case 1:26-cv-00353-JJM-PAS    Document 9-4    Filed 07/07/26    Page 12 of 16 PageID #: 70

the Director and Deputy Director where aware  and also had already informed both Director and Deputy Director that Also this year and for the first time I was asked to assist with vehicle requests.  I prepared an excel sheet with vehicle requests and as directed by the Deputy Director (Maureen McManus) I worked with the Garage Supervisor (Steve Dutra). I submitted what was given to me by the supervisors for the vehicle requests as well. There wheer also changes that were requested and at times I was given conflicting information. Specifically The Deputy Director would provide me what she wanetd relfected whereas some of the Divisons heads would say somehting different. An example of this would be when the Engineering Division supervior had questioned the name of a particular name of a budget line item. I had indicated that name reflects what the Deputy Director requested. Last year there was not any issues with budget, however this year, there was a lot ofmisleading going on and this year's budget process reflected that. Despite all that, I did communicate with superviors, sending them each their diviison's budget request and indicated that once they approve I will be able to submit to Finance Team. Additonally, Director Patricia Coyne-Fague was granted access to view the budget worksheets I submitted to Finance. Furthermore, these same worksheets were also submitted to the drive folder for division heads and other members of DPW to access.

When it came to Payroll, there has always been an issue prior and during my time at DPW. There are few factors that lead to submitting correction forms.  One main reaosn is due to lack of a third Clerk.  There should be a total of three Clerks to performs multiple duties of the front desk, and one of these duties are payroll. In August of 2022, one of the clerk went on worker's comp. I have requested to the Director at that time (Leo Perrotta ) and Deputy Director for for an immediate posting of a Clerk Bilingual, until he comes back off WC.  I have also provided solutions to both the Director (Patricia Coybe Fague) and Deputy Director on improving payroll- however this was not supported. I reached out to couple other departments withbmy superiors on the emial, I alos had asked them to see if they can get involved in the request in hopes of getting a resposne to initiate new ways of processing payroll. Additonally, I even reached out to the head of the Union, Ron Coia if he can give me permission to assist Clerks with payroll submission and also to help submit in timely fashion. He did not respond to that request.  Once payroll is submitted by Clerks, I would review and then the Director would be the one to review and approve for submission.



**LAW DEPARTMENT**

## STATE OF RHODE ISLAND JUDICIARY

OCT 18 2023

### SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2023-04842 |
| **Plaintiff**<br>AOUA ROYSTER<br>v.<br>LANCE CARDILLO<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Joseph E Marran, Iii |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>2 DEXTER ST<br>PAWTUCKET RI 02860 |
| **Licht Judicial Complex**<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>25 DORRANCE STREET<br>4TH FLOOR<br>PROVIDENCE RI 02893 |

### TO THE DEFENDANT, LANCE CARDILLO:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

A TRUE COPY ATTEST<br>DEPUTY SHERIFF #42

| This Summons was generated on 9/27/2023. | /s/ Stephen Burke<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| AOUA ROYSTER | PC-2023-04842 |
| v. | |
| LANCE CARDILLO | |
| Defendant | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, LANCE CARDILLO, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

**Page 1 of 2**

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: 10 / 11 / 23 | SERVICE FEE $_____ |
|---|---|
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

*Russell D G         #42 @ 1009m*

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

in Providence/Bristol County Superior Court
Submitted: 9/27/2023 1:38 PM
Envelope: 4298877
Reviewer: Dianna J.

# STATE OF RHODE ISLAND JUDICIARY

☐ SUPREME COURT    ☑ SUPERIOR COURT    ☐ FAMILY COURT    ☐ DISTRICT COURT

☑ Providence/Bristol County or Sixth Division   ☐ Washington County or Fourth Division
☐ Kent County or Third Division ☐ Newport County or Second Division

| | |
|---|---|
| **Plaintiff**<br>AOUA ROYSTER | **Civil Action File Number**<br>PC2023-04842 |
| **Defendant**<br>LANCE CARDILLO,<br>in his capacity as acting Treasurer of the City of Providence | |

## ENTRY OF APPEARANCE – CIVIL CASES

I hereby enter my appearance for the ☑ Plaintiff/Petitioner ☐ Defendant/Respondent

Aoua Royster

/s/ Joseph E. Marran III                                3971
**Attorney Name or Self-represented Litigant**        **Rhode Island Bar Number**

P.O. Box 9233, Pawtucket, RI 02862
**Address**

(401) 722-5100                                         (401) 545-7123
**Telephone Number**                                   **Cell Telephone Number**

Jmarran@lawyer.necoxmail.com
**Email Address**

September 27, 2023
**Date**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 27th   day of September                , 20 23   :
☑ I filed and served this document through the electronic filing system on the following parties:
_____

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
_____

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is _____
at the following address _____

/s/ Joseph E. Marran III
**Name**

CC-11 (revised March 2023)