# ATTACHMENT E

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

Case 1:26-cv-00353-JJM-PAS     Document 9-5     Filed 07/07/26     Page 2 of 13 PageID #: 76

**STATE OF RHODE ISLAND**

PROVIDENCE COUNTY                                            SUPERIOR COURT

AOUA ROYSTER

     *v*.                                            C.A.No: PC23-4842

LANCE CARDILLO, in his capacity as
acting treasurer of THE CITY OF PROVIDENCE

**SECOND AMENDED COMPLAINT**

1.     This is a claim for equitable and declaratory relief and for damages for violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §42-112-1, et seq. as well as claims pursuant to the City of Providence Charter, §904 and additional common law claims

**Parties**

2.     Plaintiff Aoua Royster is a resident of the State of Rhode Island.

3.     The Defendant Lance Cardillo is named in his capacity as acting treasurer of the City of Providence and the City of Providence is a municipality with its principle place of business being within the State of Rhode Island and Providence County therein.

**Statement of Facts**

4.     Plaintiff damages are in an amount within a jurisdiction of this honorable court in this court has personal and subject matter jurisdiction.

5.     At all times mentioned here in Defendant's employees were acting as the agents and/or employees the Defendant City of Providence at all times mentioned in this

1

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

Case 1:26-cv-00353-JJM-PAS    Document 9-5    Filed 07/07/26    Page 3 of 13 PageID #: 77

Complaint, acting within the scope of such agency employment, except where alleged to the contrary.

6.      Section 904 of The Providence city charter reads as follows:

**904. – Appointment, promotion, demotion, suspension and dismissal of employees.** All department heads and all boards, agencies and commissions of the city shall have the responsibility for the appointment, promotion, demotion, suspension, and dismissal of all employees under their jurisdiction in accordance with the provisions of this Charter and such personnel rules and regulations as may be made pursuing thereto. Regular employees shall not be dismissed except for cause, which shall be defined in rules developed by the director of personnel and shall be promulgated to all employees of the city.

7.      The Plaintiff is a female person of color, African American, born in Africa, and a Muslim.

8.      The Defendant had knowledge and was aware of the Plaintiff's race, place of birth, religion and gender.

9.      The Defendant is an employer as that term is defined by R.I.G.L. §28-5-6.

10.     Plaintiff was hired as an employee of the Defendant, within the Department of Public Works ("DPW"), on December 3, 2018.

11.     Plaintiff was the only African American female supervisor in the department, only African born employee in the department and only Muslim in the department.

2

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

Case 1:26-cv-00353-JJM-PAS    Document 9-5    Filed 07/07/26    Page 4 of 13 PageID #: 78

12.     Plaintiff was, in or about January or February 2022, moved into a position that included the responsibility for working on the budget for the DPW of the municipal government for the City of Providence.

13.     The immediate prior employee that held the position and duties of the Defendant as set forth in the preceding paragraph was a Caucasian woman who was not a Muslim and upon information and belief was not born in Africa.

14.     The employees and supervisors of the Defendant did fail and refuse to properly train the Defendant in the performance of the duties of her position and specifically the duties pertaining to the creation of the budget.

15.     Plaintiff submitted the FY2023 budget and was praised for the work she had done to complete the budget.

16.     During her employment, Plaintiff was omitted from departmental meetings.

17.     During her employment with DPW, Plaintiff was subjected to false allegations made against her.

18.     In or about the summer of 2022, Plaintiff complained to Human Resources for the Defendant that she believed she was being subjected to discrimination based on her ethnicity and her religion.

19.     Upon information and belief, the complaint submitted to HR by Plaintiff was not fully investigated and witnesses were not interviewed.

20.     The "investigation" into Plaintiff's allegations of discrimination was perfunctory and without any real effort to examine the discrimination suffered by Plaintiff.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

21. Plaintiff, in preparing the FY2024 budget, followed the same organizational path she had followed for the FY2023 budget with modifications per the instructions of her supervisors.

22. Plaintiff had no ability to correct information provided by the departments as they related to the proposed budget.

23. Plaintiff continually and repeatedly attempted to correct misinformation she was receiving from supervisory staff and department heads.

24. Plaintiff provided to her supervisors all draft copies of the budget and did communicate any and all areas where information was improperly provided to Plaintiff for inclusion in the budget.

25. Plaintiff further made other suggestions to her supervisors to address the issues of erroneous information that would affect the creation of the FY2024 budget.

26. DPW has had an ongoing issue with improper and erroneous payroll data entry.

27. Plaintiff requested a part time employee (a bilingual clerk for DPW) be hired to address the ongoing issue of discrepancies in the entry of payroll data.

28. Plaintiff further made other suggestions to her supervisors to address the issues of erroneous payroll data information entry.

29. Plaintiff's supervisors failed and refused to take any steps to address the ongoing and persistent inclusion of erroneous payroll data.

4

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

30.    Plaintiff's supervisors at no time gave any indication to Plaintiff that her work product was a problem.

31.    Plaintiff's supervisors took no action that would give Plaintiff any notice of any errors in her work product or problems or issues with her employment.

32.    On April 5th, 2023, Plaintiff was terminated from her employment.

33.    The reason given for the termination was errors in Payroll and Budget.

34.    Any and all errors in payroll and/or the budget were outside Plaintiff's control.

35.    The employee that held Plaintiff's position next prior to Plaintiff, a Caucasian woman, who was not a Muslim and who, upon information and belief was not born in Africa, suffered the same errors and issues as Plaintiff but was not terminated from her employment.

36.    The reasons given for Plaintiff's termination were false and pretextual.

## COUNT I – UNLAWFUL TERMINATION

37.    Paragraphs 1 through 36 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

38.    The conduct, acts and omissions of defendant, constitute a violation of the Providence City Charter above-described, which dictates that employee shall not be dismissed, except for cause.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

Case 1:26-cv-00353-JJM-PAS    Document 9-5    Filed 07/07/26    Page 7 of 13 PageID #: 81

39.    As a direct, approximate result of Defendant's violations, Plaintiff has suffered damages, including, but not limited to lost wages and benefits in an amount to be proven at trial. Plaintiff is legally entitled to reinstatement our employment with the City of Providence.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count I for:

1. Compensatory damage in an amount within a jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Reasonable attorney's fees;
4. Statutory interest and costs of suit;
5. Such other and further relief as this honorable Court deems just improper.

## COUNT II – BREACH OF CONTRACT

40.    Paragraphs 1 through 39 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

41.    Plaintiff's promise to perform the duties and obligations assigned her by Defendant, and the City's promise not to dismiss her from said employment without cause constitute and implied contract between Plaintiff and Defendant.

42.    During the entire period of her employment with Defendant, Plaintiff performed satisfactorily as promised under the contract.

43.    Defendant had a duty to plaintiff under the contract to pay her wages and benefits and consideration for her employment.

44.    Defendant breach the contract of employment by dismissing Plaintiff without cause as defined in rules developed by the director of personnel and promulgated to all employees of the City of Providence.

6

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

45.   As a direct approximate result of the Defendant's breach of duty, Plaintiff has suffered damages including, but not limited to, lost wages and benefits in an amount to be proven at trial.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count II for:

1.  Compensatory damage in an amount within a jurisdiction of this Honorable Court;

2.  Reinstatement to employment;

3.  Statutory interest and costs of suit;

4.  Such other and further relief as this honorable Court deems just improper.

## COUNT III – PROMISSORY ESTOPPEL

46.   Paragraphs 1 through 45 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

47.   In the event that there is no finding a breach of contract, in the alternative, Plaintiff is entitled to recover damages from Defendant on the basis of a promise made to her for continued employment, by way of the adoption of Section 904 of the Providence City Charter.

48.   Plaintiff detrimentally relied on defendant's promise of continuing employment, including, but not limited to, foregoing other employment opportunities, and expecting to live a lifestyle consistent with expected continued employment with Defendant.

49.   Defendant's promise to plaintiff of continued employment, was unambiguous in its terms.

50.   Plaintiff's reliance thereon was reasonable and to her detriment.

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

51.    Defendant should have reasonably expected to induce forbearance by Plaintiff in seeking alternative employment during the time she was employed by Defendant.

52.    Defendant's failure to abide by its promise to Plaintiff of continued employment, caused her damages and would result in an injustice if the promise were not enforced.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count III for:

1.  Compensatory damage in an amount within a jurisdiction of this Honorable Court;
2.  Reinstatement to employment;
3.  Statutory interest and costs of suit;
4.  Such other and further relief as this honorable Court deems just improper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    Paragraphs 1 through 52 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

54.    Before Plaintiff's employment with Defendant was wrongfully terminated on April 5, 2023, plaintiff had been employed with Defendant since December 3, 2018. At all times during her employment with Defendant, Plaintiff was encouraged to believe she would continue to advance in a career with Defendant.

55.    Defendant had a duty to Plaintiff to allow her to continue her employment, except for cause, as defined in rules, developed by the director of personnel, promulgated to all employees of the City.

56.    Not withstanding Plaintiffs employment history from December 3, 2018 through April 5, 2023, Defendant breached its duty to Plaintiff by unfairly, and without right or justification, terminating plaintiff from the job and giving her false and conflicting reasons for removal from the job.

8

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

57.     Defendant knew that Plaintiff had spent considerable time working on the City's behalf. Plaintiff was ambitious for promotion with Defendant and was seriously concerned about discipline and criticism of her employment and conscientiously sought to correct any perceived deficiencies in the performance of her duties.

58.     Nevertheless, Defendant intentionally and maliciously made statements and engaged in acts and publications with utter disregard for Plaintiff's feelings, sensitivity, and emotional well-being, and in complete derogation of the duty Defendant owed Plaintiff as her employer to deal honestly with plaintiff, to refrain from arbitrary action to assist plaintiff in career development.

59.     Defendant knew or should have known that the statements, acts and publications would injure, Plaintiff's emotional well-being.

60.     Defendant's acts and omissions were the direct and proximate cause of Plaintiff's emotional distress.

61.     The acts, statements and publications of Defendant, proximately have caused Plaintiff to suffer severe emotional injury and have caused Plaintiff to suffer loss of wages, employment benefits, career opportunities, professional reputation, and other damages.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count IV for:

1.  Compensatory damage in an amount within a jurisdiction of this Honorable Court;
2.  Reinstatement to employment;
3.  Reasonable attorney's fees;
4.  Statutory interest and costs of suit;
5.  Such other and further relief as this honorable Court deems just improper.

9

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

Case 1:26-cv-00353-JJM-PAS     Document 9-5     Filed 07/07/26     Page 11 of 13 PageID #: 85

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

62.     Paragraphs 1 through 61 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

63.     Defendant had a duty to Plaintiff to avoid negligently or carelessly causing her emotional distress and damage.

64.     Through its acts and omissions, Defendant violated its duty to plaintiff to avoid negligently or carelessly causing her emotional distress and damage.

65.     Plaintiff suffered emotional distress which was so severe so as to cause her physical symptoms, including but not limited to, sleeplessness.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count V for:
1. Compensatory damage in an amount within a jurisdiction of this Honorable Court;
2. Reinstatement to employment;
3. Reasonable attorney's fees;
4. Statutory interest and costs of suit;
5. Such other and further relief as this honorable Court deems just improper.

## COUNT VI –DISCRIMINATION and RETALIATION– RIGL §42-112-1 et seq.

66.     Paragraphs 1 through 65 of the Complaint, above, are hereby incorporated by reference as if fully set forth herein.

67.     Plaintiff suffered, by the actions of the representatives of the Defendant, discrimination based on her race, religion, place of birth and/or gender.

10

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

68.     Plaintiff suffered, by the actions of the representatives of the Defendant, retaliation based on her protected activity in reporting discrimination based on her race, religion, place of birth and/or gender.

69.     Plaintiff took affirmative steps to seek remedy internally and was met with apathy, disdain, refusal to act and attempts to delay and diminish Plaintiff's claims.

70.     The actions of the Defendant have caused Plaintiff a loss of income, emotional distress and other damages.

71.     The actions of the Defendant constitute a violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq.

Wherefore, Plaintiff hereby requests Judgment against Defendant on Count VI for:

1.  Compensatory damage in an amount within a jurisdiction of this Honorable Court;
2.  Reinstatement to employment;
3.  Reasonable attorney's fees;
4.  Statutory interest and costs of suit;
5.  Such other and further relief as this honorable Court deems just improper.

Respectfully submitted,
Aoua Royster
By and through her attorney,

/s/ David S. Cass
David S. Cass, #5044
50 South Main St., Suite 204
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

11

Case Number: PC-2023-04842
Filed in Providence/Bristol County Superior Court
Submitted: 2/20/2026 7:57 AM
Envelope: 5536620
Reviewer: J'Lyn D.

## CERTIFICATION

I hereby certify that a copy of the foregoing document was served via the electronic filing system on the 20th day of February 2026 to:

Brendan F. Ryan, Esq
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
bryan@apslaw.com


/s/ David S. Cass


12